1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

8
9

KENNETH R. BARBER, JR.,

CASE NO. 14-cv-1299-H-(PCL)

10

Petitioner,

**DENYING PETITIONER'S PETITION FOR HABEAS CORPUS**

11
12

vs.

[Doc. No. 1]

13

**ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND**

14
15

JEFFERY BEARD, Secretary,

[Doc. No. 15]

16

Respondent.

**DENYING CERTIFICATE OF APPEALABILITY**

17
18

19    On May 23, 2014, Kenneth R. Barber Jr. ("Petitioner"), a state prisoner

20    proceeding pro se and in forma pauperis, filed a petition for writ of habeas corpus

21    pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On June 13, 2014, Jeffery Beard

22    ("Respondent") was sua sponte substituted as respondent. (Doc. No. 7.) On July 18,

23    2014, Respondent filed a motion to dismiss, arguing that the Court lacked federal

24    habeas jurisdiction because Petitioner's due process claim did not affect the fact or

25    duration of his confinement. (Doc. No. 8.) On November 6, 2014, the magistrate judge

26    issued a report and recommendation that the Court grant Respondent's motion to

27    dismiss. (Doc. No. 13.) On December 17, 2014, Petitioner filed an objection to the

28    report and recommendation. (Doc. No. 14.) For the following reasons, the Court

adopts the magistrate judge's report and recommendation and denies Petitioner's petition for habeas corpus.

## **Background**

On September 12, 2013, the Superior Court of the State of California for the County of Imperial denied Petitioner's petition for a writ of habeas corpus. (Doc. No. 1-2 at 37.) The court considered the petition on the merits and held that the petition was without merit. (Id. at 38.) The court held that the fact that the "officers who witnessed the altercation are uniform in describing arm movements by petitioner which are consistent with slashing" provided some evidence that the inmate manufactured slashing-type weapon was attributable to Petitioner. (Id. at 39.) The court also noted that Petitioner had "failed to exhaust his administrative remedies by failing to appeal the third level determination made on June 21, 2013 that his appeal was not timely." (Id.)

On June 8, 2014, the California Court of Appeals denied Petitioner's petition for a writ of habeas corpus. (Id. at 40.) In the last reasoned state opinion on this petition, the Court of Appeals described the underlying facts as follows:

> On November 9, 2009, a Calipatria correctional officer saw inmate Kenneth Barber overpowering inmate Dennis. The officer hit Barber with a baton and, although both inmates fell to the ground, Barber stayed on top of Dennis swinging with both arms. Staff sprayed both inmates with OC spray but had to use physical force to pry Barber off Dennis. An inmate manufactured slashing-type weapon, i.e., a 3-inch piece of plastic with a razor blade attached to one end, was found near Barber. Dennis was actively bleeding from a 6-inch laceration on his neck and a 6-inch laceration on his back, which required medical attention.
>
> Authorities issued a rules violation report charging Barber with battery on an inmate with a deadly weapon. Although he admitted fighting with Dennis, Barber pleaded not guilty to battery with a deadly weapon and requested that Dennis be present at the hearing. The hearing officer denied the request because Dennis was unavailable (he had been paroled), found Barber guilty, but did not assess any loss of behavioral credits.
>
> Asserting the officers saw him hit Dennis in the face and chest with a closed fist, Dennis had no lacerations on his face and chest, and no officer saw Barber use a weapon, Barber takes the position that the evidence showed he engaged in mutual conduct with Dennis—not that he committed a battery with a deadly weapon. He adds that Dennis stated in an interview with an investigator that Barber did not stab him, and complains the hearing officer's refusal to allow him to submit the investigator's notes or provide a mechanism for him to obtain a statement

1    from Dennis violated his due process rights.
2         Although there was no direct evidence identifying Barber as the
     stabber, the evidence before the hearing officer included (1) statements by
3    officers who witnessed the fight identifying Barber as the aggressor,
     reporting that staff was unable to subdue Barber without the use of force,
4    and describing Barber's arm movements in a manner consistent with the
     slashing, (2) discovery of an inmate manufactured slashing weapon near
5    Barber, and (3) the fact that Dennis' injuries were consistent with slashing
     injuries. This constitutes "some evidence" to support the disciplinary
     determination.
6    (Id. at 40-41, citations omitted.)

7    On March 12, 2014, the California Supreme Court denied Petitioner's petition  for

8    review without opinion. (Id. at 42.)

9         On May 23, 2014, Petitioner filed this petition for writ of habeas corpus pursuant

10   to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner challenges the sufficiency of the evidence

11   to support the disciplinary hearing's finding that he was guilty of committing battery

12   on an inmate with a deadly weapon and that the supervisory hearing officer's refusal

13   to admit a statement by Dennis, either directly or through testimony by the investigator,

14   violated his due process rights. (Doc. No. 1-1 at 11-12.) On July 18, 2014, Respondent

15   filed a motion to dismiss on the grounds that this Court lacks federal habeas

16   jurisdiction because Petitioner's due process claim did not affect the fact or duration

17   of his confinement. (Doc. No. 8.) On November 6, 2014, the magistrate judge issued

18   a report and recommendation that the Court grant Respondent's motion to dismiss.

19   (Doc. No. 18.) On December 17, 2014, Petitioner filed his objection to the report and

20   recommendation. (Doc. No. 14.)

21                                  **Discussion**

22   **I.    Legal Standards**

23         **A. Standard of Review Under 28 U.S.C. § 2254**

24         A federal court may review a petition for writ of habeas corpus by a person in

25   custody pursuant to a state court judgment "only on the ground that he is in custody in

26   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

27   2254(a); accord Williams v. Taylor, 529 U.S. 362, 375 (2000). Because Petitioner filed

28   this petition after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act

1  of 1996 ("AEDPA") governs the petition. See Lindh v. Murphy, 521 U.S. 320, 327

2  (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc). Federal habeas

3  relief is available only if the result reached by the state court on the merits is "contrary

4  to" or "an unreasonable application" of Supreme Court precedent, or if the adjudication

5  is "an unreasonable determination" based on the facts and evidence. 28 U.S.C. §§

6  2254(d)(1)-(d)(2).

7       A federal court may grant habeas relief only if a state court either "applies a rule

8  that contradicts the governing law set forth in [the Supreme Court's] cases" or

9  "confronts a set of facts that are materially indistinguishable from a decision of [the]

10  Court and nevertheless arrives at a result different from [the Court's] precedent." Early

11  v. Packer, 537 U.S. 3, 8 (2002); see also Williams, 529 U.S. at 405-06 (distinguishing

12  the "contrary to" and the "unreasonable application" standards). "[R]eview under 28

13  U.S.C. § 2254(d)(1) is limited to the record that was before the state court that

14  adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398

15  (2011). "Although the Supreme Court has declined to decide whether a district court

16  'may ever choose to hold an evidentiary hearing before it determines that § 2254(d)

17  has been satisfied,' an evidentiary hearing is pointless once the district court has

18  determined that § 2254(d) precludes habeas relief." Sully v. Ayers, 725 F.3d 1057,

19  1075 (9th Cir. 2013) (citing Pinholster, 131 S. Ct. at 1411 n. 20).

20       A federal court may grant habeas relief under the "unreasonable application"

21  clause of § 2254(d)(1) if the state court "identifies the correct governing legal rule

22  from [the Supreme] Court's cases but unreasonably applies it to the facts of the

23  particular state prisoner's case." Williams, 529 U.S. at 407. A federal court may also

24  grant habeas relief "if the state court either unreasonably extends a legal principle from

25  [Supreme Court] precedent to a new context where it should not apply or unreasonably

26  refuses to extend that principle to a new context where it should apply." Id. The state

27  court's "unreasonable application" of binding precedent must be objectively

28  unreasonable to the extent that the state court decision is more than merely incorrect

1   or erroneous. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (citation omitted); see
2   also Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003).

3       Additionally, even if a state court decision is "contrary to" Supreme Court
4   precedent or rests on an "unreasonable determination" of facts in light of the evidence,
5   the petitioner must show that such error caused substantial or injurious prejudice. Penry
6   v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht, 507 U.S. at 637-38); see also
7   Fry v. Pliler, 551 U.S. 112, 121-22 (2007); Bains v. Cambra, 204 F.3d 964, 977 (9th
8   Cir. 2000). AEDPA creates a highly deferential standard toward state court rulings.
9   Woodford v. Viscotti, 537 U.S. 19, 24 (2002); see Womack v. Del Papa, 497 F.3d 998,
10  1001 (9th Cir. 2007) (citing Woodford, 537 U.S. 19 (2002)). In determining whether
11  a state court decision is contrary to clearly established federal law, the court looks to
12  the state's last reasoned decision. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).
13  Where there is an unexplained decision from the state's highest court, the court "looks
14  through" to the last reasoned state judgment and presumes that the unexplained opinion
15  rests upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 891-06 (1991).

16      A district court "may accept, reject, or modify, in whole or in part, the findings
17  or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects
18  to any portion of the report, the district court "shall make a de novo determination of
19  those portions of the report . . . to which objection is made." Id.

20          **B. Standard of Review for Due Process Claims**

21      Under the Fourteenth Amendment "a prisoner is entitled to certain due process
22  protections when he is charged with a disciplinary violation." Serrano v. Francis, 345
23  F.3d 1071, 1077 (9th Cir. 2003); see also Wolff v. Donnell, 418 U.S. 539, 564-71
24  (1974). These protections include "the rights to call witnesses, to present documentary
25  evidence and to have a written statement by the fact finders as evidence relied upon and
26  the reasons for the disciplinary action taken." Serrano, 345 F.3d at 1077; see also
27  Wolff, 418 U.S. at 564-71. Due process protections adhere only when the "disciplinary
28  action implicates a protected [liberty] interest in some unexpected matter or imposes

an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Serrano, 345 F.3d at 1078 (citing Sandin v. Connor, 515 U.S. 472, 484 (1995)). A liberty interest "may arise from the Constitution itself" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 546 U.S. 209, 221 (2005). Good-time credits are a protected liberty interest when the "State [has] created the right to good time and itself recogniz[es] that its deprivation is a sanction authorized for major misconduct." Wolff, 418 U.S. at 557; see also McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986) (finding a liberty interest in good-time credits when a statute uses mandatory language).

A district court will uphold a prison disciplinary board's judgment that affects a protected liberty interest so long as "the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985); see also Bruce v. Ylst, 351, F.3d 1283, 1287 (9th Cir. 2003). The "some evidence" standard prevents "arbitrary deprivations [of liberty] without threatening institutional interests or imposing undue administrative burdens." Walpole, 472 U.S. at 455. This standard does not require "examination of the entire record, independent assessment of the credibility of the witness, or weighing of the evidence." Id. at 455; see also Bruce, 351 F.3d 1287. Instead, the central question is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Bruce, 351 F.3d 1287 (citing Walpole, 472 U.S. at 455-56).

## II.    Analysis

### A. Lack of Evidence Claim

Petitioner challenges the sufficiency of the evidence to support the disciplinary hearing's finding that he committed battery on an inmate with weapon. (Doc. No. 1-1 at 11-12.) A district court will uphold a prison disciplinary board's judgment that affects a protected liberty interest so long as it is "supported by some evidence in the record," Walpole, 472 U.S. at 454; see also Bruce, 351 F.3d at 1287, and does not

Case 3:14-cv-01299-H-PCL   Document 15   Filed 02/05/15   PageID.150   Page 7 of 9

violate procedural due process requirements. See Wolff, 418 U.S. at 564-71. In this case, the evidence brought before the disciplinary hearing satisfies the "some evidence" standard. The hearing officer reviewed statements from correctional officers who witnessed the fight involving the Petitioner and Dennis. (Doc. No. 1-2 at 41.) These statements identified Petitioner as the aggressor, stated that the use of force was required to subdue Petitioner and described Petitioner's arm movements in a manner that was consistent with the slashing. (Id.) The hearing officer received information regarding the discovery of an inmate manufactured slashing-type weapon that was found near Petitioner after the fight. (Id.) Additionally, the hearing officer reviewed information that showed Dennis' injuries were consistent with slashing injuries. (Id.) Accordingly, there is "some evidence" to support the disciplinary hearing's guilty finding of battery on an inmate with a weapon. This is consistent with both state court determinations and the magistrate judge's report and recommendation. (Id. at 39, 41; Doc. No. 12 at 6-7.)

### B. Violation of Due Process Claim

Petitioner also contends that the supervisory hearing officer's refusal to admit a statement from Dennis, either directly or through testimony by Petitioner's investigator, violated Petitioner's due process rights. (Doc. No. 1-1 at 12.) To allege a due process violation under Wolff, Petitioner must show that the "disciplinary action implicate[d] a protected [liberty] interest in some unexpected matter or impose[d] an atypical and significant hardship on [Petitioner] in relation to the ordinary incidents of prison life." Serrano, 345 F.3d at 1078 (citing Sandin v. Connor, 515 U.S. 472, 484 (1995)). The Supreme Court has held that if Wolff applies, due process requires that a prisoner have "the rights to call witnesses, to present documentary evidence and to have a written statement by the fact finders as evidence relied upon and the reasons for the disciplinary action taken." Serrano, 345 F.3d at 1077; see also Wolff, 418 U.S. at 564-71. Here, Petitioner's protected interest in good-time credits was not affected as the supervisory hearing officer ultimately did not assess forfeiture of any good-time

- 7 -

14-cv-1299-H-(PCL)

credits. (Doc. No. 1-1 at 11; Doc. No. 1-2 at 40.) Petitioner also fails to show that any of the other consequences he faced implicated a protected interest or imposed an atypical and significant hardship.[1] See Serrano, 345 F.3d at 1078 ("Typically, administrative segregation in and of itself does implicate a protected liberty interest."). Accordingly, the Court declines to reach Petitioner's due process argument because it is speculative and Petitioner fails to show that he suffered any prejudice.

## C. Continuing Collateral Consequences

The Court agrees with the magistrate judge that Petitioner's claim also fails to establish federal habeas jurisdiction. (Doc. No. 13 at 3-6.) A writ of habeas corpus is the appropriate federal remedy when the duration or fact of confinement is at issue. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Within the Ninth Circuit, habeas jurisdiction may exist, where a "petitioner seeks expungement of a disciplinary finding from his record" and "expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989). A prisoner seeking to challenge prison disciplinary proceedings in a habeas petition must demonstrate that continuing collateral consequences exist. Wilson v. Terhune, 319 F.3d 477, 478, 482 (9th Cir. 2003). Here, Petitioner does not argue that the disciplinary hearing has any bearing on his release or provide facts that support such a conclusion. (Doc. No. 1-1 at 11-17). Even if Petitioner had argued that the disciplinary hearing had a bearing on his release, the Court would not have needed to reach the argument because Petitioner's claim fails on the merits. See Batchelor v. Cupp, 693 F.2d 859, 864 (9th Cir. 1982) (noting that where deciding the merits of a claim proves to be less complicated and less time consuming than adjudicating the issue of procedural default, a court may exercise

---

[1] The disciplinary hearing also assessed ten days loss of yard time, placed Petitioner in the security housing unit for fourteen months and added thirty points to Petitioner's classification score. (Doc. No. 1-1 at 11.) These consequences alone do not establish that Petitioner suffered an atypical or significant hardship. See Serrano, 345 F.3d at 1078 ("Rather than invoking a single standard for determining whether a prison hardship is atypical and significant, we rely on a 'condition or combination of conditions or factors [that] requires a case by case, fact by fact consideration.'" Serrano, 345 F.3d at 1078 (citing Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996)).

discretion in its management of the case to reject the claims on their merits).

### D. Writ of Mandate

In his objection to the magistrate judge's report and recommendation, Petitioner asks this Court to consider his habeas petition as a petition for a writ of mandate. (Doc. No. 14 at 1.) But under the plain language of the governing statute, federal district courts do not have mandamus jurisdiction over state officials. 28 U.S.C. § 1361; see, e.g., Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461, 469 (7th Cir. 1988); Rivers v. King, 23 F. App'x 905, 908 n.4 (10th Cir. 2001); Wise v. S.C. Dep't of Corr., CIVA 607-596-HFF-WMC, 2007 WL 1302703 (D.S.C. May 2, 2007).

### Conclusion

For the foregoing reasons, the Court adopts the magistrate judge's report and recommendation and denies Petitioner's petition for habeas corpus. Additionally, the Court declines to issue a certificate of appealability as Petitioner has failed to make a substantial showing of denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED: February 5, 2015

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT